IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–03280–NYW–MDB

JEROME SHAWNTELL BREWER,

    Plaintiff,

v.

ASAY #S11051, Denver County Sheriff's Deputy,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion for Appointment of Counsel. (["Motion"], Doc. No. 28.) After carefully considering the issues, the Court has determined the interests of justice do not warrant appointment of counsel at this time. For the following reasons, the Motion is **DENIED**.

### *PRO SE* SUMMARY

The Court is denying your Motion. Though the Court acknowledges it is challenging to proceed *pro se* in federal court, the Court has very limited resources available to it, and the circumstances here do not warrant appointment of counsel at this time. If your case survives Defendant's Motion to Dismiss, you can apply for appointment of counsel again at that time. This is only a high-level summary of the Court's decision. The complete decision is set forth below.

## ANALYSIS

In a civil case, the determination as to whether to appoint counsel is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). One of those factors is, "the merits of the litigant's claims[.]" *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice, the following unrepresented parties are eligible for the appointment of pro bono counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the Court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff initiated this action on December 13, 2023. (Doc. No. 1.) In his operative complaint, (Doc. No. 15), Plaintiff alleges that, on December 15, 2022, he was pursuing a habeas corpus action in the United States District Court for the District of Nebraska, Case No. 8:22-cv-416, and had been ordered to return an application by January 6, 2023, or risk dismissal. (*Id*. at 4.) According to Plaintiff, Defendant—a Denver County Sheriff's Deputy—refused to allow Plaintiff to keep two manila envelopes containing the application and other legal materials. (*Id.*) Plaintiff alleges this prevented him from returning the necessary paperwork to the Nebraska court or maintaining ongoing correspondence, which ultimately led to the dismissal of his habeas case. (*Id.*) Based on these facts, Plaintiff brings a First Amendment claim for denial of access to the courts. (*Id.*)

Plaintiff moves the Court to appoint him pro bono counsel for five reasons. First, Plaintiff notes he has been granted *in forma pauperis* status, and cannot otherwise afford an attorney. (Doc. No. 28 at 1.) Second, Plaintiff contends his First Amendment claim is "arguably meritorious." (*Id.* at 2.) Third, he believes depositions and other discovery will be necessary, which he—due to limited resources and legal knowledge—is unable to manage effectively. (*Id.* at 3.) Fourth, he asserts the case involves video evidence, administrative procedures, and legal standards unfamiliar to him. (*Id.* at 4.) Finally, he argues that without counsel's assistance in cross-examining witnesses and presenting evidence, the jury will be deprived of key facts, thus undermining the fairness of the proceedings. (*Id.* at 5.)

Plaintiff is eligible for pro bono representation, but the Court finds appointment is not warranted at this time. First, the Court is not persuaded that the action is so uniquely complex that Plaintiff cannot move the matter forward on his own. Second, the Court does not have

3

enough information to fully assess the merits of Plaintiff's claims at this time because the action is in its early stages with a pending motion to dismiss. (*See* Doc. No. 24; *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness").) Further, though the Court agrees that appointment of counsel will allow Plaintiff to better present his case, this—in and of itself—is not unique to Plaintiff nor grounds for appointment. *Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").

The Court understands that proceeding *pro se* in federal court is challenging, but considering the very limited resources afforded to the Court in providing pro bono counsel in civil cases, the Court denies the Motion at this time. Plaintiff may file a new motion for the appointment of counsel at a later date, should the case proceed to a more advanced stage.

## CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's Motion for Appointment if Counsel (Doc. No. 28) is **DENIED without prejudice**.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff:

Jerome Shawntell Brewer
#185242
Sterling Correctional Facility (SCF)
P.O. Box 6000
Sterling, CO 80751

Dated this 6th day of March, 2025.

4

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge