**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-03280-NYW-MDB

JEROME SHAWNTELL BREWER

      Plaintiff,

v.

 ASAY #S11051,

      Defendant.

---

## ORDER ADOPTING RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell issued on May 28, 2025. [Doc. 33]. Judge Dominguez Braswell recommends that this Court grant Defendant Asay's ("Defendant") Motion to Dismiss ("Motion to Dismiss"). [*Id.* at 1]; *see also* [Doc. 24, filed September 17, 2024]. For the reasons set forth below, the Court respectfully **ADOPTS** the Recommendation and **GRANTS** the Motion to Dismiss.

Plaintiff Jerome Brewer ("Plaintiff" or "Mr. Brewer") is an individual incarcerated in the Colorado Department of Corrections.[1] *See* [Doc. 1]. Mr. Brewer brought this suit asserting claims against several Defendants, all of whom have been terminated, except for Defendant, a Denver County Sheriff's deputy. *See* [Doc. 15]. At all times relevant to

---

[1] Because Mr. Brewer proceeds pro se, the Court construes his pleadings liberally, but does not and cannot act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Mr. Brewer as to a represented party, *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).

this action, Mr. Brewer has been incarcerated at the Denver Detention Center. [*Id.* at 4]. Mr. Brewer alleges that he had a pending Application for a Writ of Habeas Corpus ("Application") in the District Court for the District of Nebraska in which the District Court for the District of Nebraska directed him to submit an Application to Proceed in District without Prepaying Costs or Fees. [*Id.*]. Mr. Brewer alleges that Defendant denied Plaintiff's request to keep two envelopes, which contained the Application and other legal documents, during his booking at the Denver Detention Center. [*Id.*]. Plaintiff alleges that Defendant told Plaintiff he could only keep documents related to "the case [Plaintiff] was incarcerated for at the Denver Detention Center" and "only upon evidence from the Denver County Courts" proving Mr. Brewer's pro se status. [*Id.*]. Furthermore, Plaintiff alleges that the documents in the manila envelopes were "secured away" and that he was "prevented from returning the documents to the Nebraska Court or maintaining correspondence" with the court, resulting in the court dismissing his case in Nebraska. [*Id.*].

Plaintiff brought a claim against Defendant in his individual capacity under 42 U.S.C. § 1983 for the denial of Mr. Brewer's First Amendment right of access to the courts. [*Id.* at 2–4]. Defendant filed his Motion to Dismiss, seeking dismissal of the claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 24].

In the Recommendation, Judge Dominguez Braswell recommends this Court grant the Motion to Dismiss. [Doc. 33 at 1]. The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties. [*Id.* at 7–8]; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The Recommendation's docket entry confirms that the Recommendation was mailed to Plaintiff on May 28, 2025.

[Doc. 33]. No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court has therefore reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court concludes that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law. Accordingly, the Court respectfully **ADOPTS** the Recommendation.

Accordingly, it is **ORDERED** that:

(1)    The Recommendation of United States Magistrate Judge [Doc. 33] is **ADOPTED**;

(2)    Defendant's Motion to Dismiss [Doc. 24] is **GRANTED**;

(3)    Plaintiff's First Amendment Claim is **DISMISSED with prejudice**;[3]

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

[3] Judge Dominguez Braswell recommends that Plaintiff's claim be dismissed with prejudice, finding that amendment would be futile. [Doc. 33 at 7, n.4]. "A dismissal with prejudice is appropriate where a complaint fails to state a claim for relief under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). The Court agrees that dismissal with prejudice is appropriate.

(4)    The Court declines to award costs under D.C.COLO.LCivR 54.1;[4]

(5)    The Clerk of Court is **DIRECTED to TERMINATE** the case; and

(6)    The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff:

> Jerome Shawntell Brewer
> #185242
> Sterling Correctional Facility (SCF)
> P.O. Box 6000
> Sterling, CO 80751

DATED:  July 22, 2025                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[4] Costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), but the district court may in its discretion decline to award costs where a "valid reason" exists for the decision, *see, e.g.*, *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).  Plaintiff is a pro se incarcerated litigant who proceeds in forma pauperis, so the Court declines to award costs on that basis.  *See* [Doc. 5]; *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent.").